JUSTICE RICE
dissenting.
¶43 I dissent from the Court’s resolution of Issues 3 and 4.
¶44 The Court declines to address the merits of Kimberly’s contention that the District Court erred by including her pretrial expenditures from home sale proceeds within her share of the marital estate on the ground that she “cites to no authority for this argument.” ¶ 33. However, specific authority is not necessarily existent for every issue which may arise during the course of a district corut’s distribution of marital property, which the law requires to be equitable. Here, Kimberly argues that the District Court abused its discretion in making the property distribution and cites Marriage of Steinbeisser, 2002 MT 309, 313 Mont. 74, 60 P.3d 441, in support of her argument. I conclude therefrom that Kimberly has offered sufficient authority and would reach the merits of the issue. Further, I conclude that the District Court indeed abused its discretion.
¶45 Following their separation, Kevin paid $1,500 per month for Kimberly’s living expenses until sale of the parties’ home in October 2000, when Kevin stopped paying maintenance and paid only child support (Finding No. 18). About a year later, the court, based upon Kevin’s annual income of $132,000 and Kimberly’s imputed annual *102 income of $10,980, required that Kevin pay temporary maintenance in the amount of $1,675 per month. However, for that intervening year, Kimberly had no choice but to withdraw funds from the sale proceeds to support herself. Further, the District Court, in its final order, noted that its earlier orders had failed “to allow for any daycare expenses for the children” during this time, causing an additional expense to Kimberly of $300 per month (Finding No. 11).
¶46 Kevin argues that Kimberly’s withdrawals were used for other purposes, citing Kimberly’s testimony that “some” of these expenditures were for living expenses. However, Kevin mischaracterizes Kimberly’s testimony. In response to a question about distribution of the proceeds, Kimberly testified that she had used “some”-in other words, less than the total sale proceeds-for living expenses. She did not testify that she had used only “some” of the withdrawals for living expenses. Under additional questioning, this point was clarified:
[Counsel]: You testified that you used some of those funds for your own living expenses; is that correct?
[Kimberly]: I did.
[Counsel]: Is that how the balance went from [$118,000] to the current balance?
[Kimberly]: Yes.
Thus, the accurate conclusion to be drawn from Kimberly’s testimony is that all of the withdrawals were for living expenses, including the daycare expenses which the court admittedly failed to consider, during the year that she was not receiving maintenance from Kevin.
¶47 Although the District Court noted that Kimberly made the withdrawals from the account, and then included those withdrawals within her share of the property distribution, it failed to acknowledge that the withdrawals were expended for living expenses necessitated by Kevin’s failure to pay maintenance and the court’s earlier failure to consider and provide for the children’s daycare expenses (Finding No. 25). This failure was an abuse of discretion.
¶48 This result of this error was to “award” $35,300 to Kimberly which she had previously expended for her and her children’s living expenses. This error, combined with the nearly $9,000 error which the Court recognizes in ¶ 34, is equivalent to 10 percent of the total marital estate, a significant impact. Therefore, I would reverse on issues 3 and 4 and remand for reconsideration of the estate distribution after correction of these errors.